SUPREME COURT FOR THE STATE OF NEW YORK
SUFFOLK COUNTY

| | |
|---|---|
| ILKB, LLC | |
| Plaintiff, | |
| - vs - | Civil Action No. |
| ISABEL SEGOVIA, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff ILKB, LLC ("Plaintiff" or "ILKB"), by its attorneys, Gordon Rees Scully

Mansukhani, for its Complaint for Damages and Injunctive Relief against Defendant Isabel

Segovia respectfully alleges as follows:

### NATURE OF ACTION

1.      ILKB is the franchisor of iLoveKickboxing.com, a franchise of physical fitness

studios focused on kickboxing. The ILKB franchise system consists of over 200 studios

operating throughout the United States and Canada.

2.      ILKB brings this action to protect its franchise system from a rogue former

franchisee—Segovia. Segovia is illegally using her prior relationship with ILKB to

misappropriate ILKB's good will, customers, and confidential information to form a competing

fitness business in breach of their Franchise Agreement and federal and state law.

3.      In August 2020, it came to ILKB's attention that Segovia had rebranded her

studio as a "Fit Theorem" outlet. Fit Theorem is a new competitor of ILKB, founded by former

ILKB franchisees in violation of their franchise agreement, and illegally offering a system of

franchised kickboxing-focused fitness studios based on ILKB's confidential and proprietary

materials.

4.      On September 1, 2020, ILKB terminated Segovia's franchise agreement based on her decision to operate under a competitor's brand.

5.      Rather than de-identify with ILKB and honor her post-term covenant not to compete, Segovia is continuing to use the vestiges of her relationship with ILKB to retain customers who had bought into the ILKB brand. In her marketing and advertising materials and her social media presence, Segovia is using ILKB trademarks and passing off results customers obtained using the proprietary ILKB system as Fit Theorem's. On information and belief, Segovia also continues to use ILKB's know-how, training methods, and other confidential and proprietary materials.

6.      Segovia is lining her pockets at the expense of ILKB and the other franchisees in the system who continue to comply with the system's operational requirements in good faith.

7.      ILKB has invested significant time and money in building a franchise system of kickboxing fitness studios. The result is ILKB's innovative approach to fitness, marketing, and converting prospective leads into loyal and committed members. As in many franchise systems, protecting the brand and the integrity of the system are paramount concerns for the survival and success of the system as a whole.

8.      Segovia's illegal actions threaten to irreparable harm to that system. Consequently, ILKB seeks damages and injunctive relief as described more fully below.

## THE PARTIES

9.      Plaintiff ILKB is organized under the laws of the State of New York with its principal place of business at 1844 Lansdowne Avenue, Merrick, NY 11710.

10.      On information and Segovia is a New York resident residing on Long Island.

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES – Page 2

11.     Segovia owned and operated a franchised ILKB studios In Deer Park, New York.

## SUBJECT MATTER JURISDICTION

12.     The Court has subject matter jurisdiction as this is a Court of general jurisdiction and the claims brought herein arise under the laws of the state of New York. The Court has supplemental jurisdiction over the non-state law claims.

## PERSONAL JURISDICTION AND VENUE

13.     This Court has general personal jurisdiction over Segovia because she is domiciled in Suffolk County, New York.

14.     Venue is this Court is appropriate under the forum selection clause in Defendants' Franchise Agreement, and because Segovia resides within this District.

## THE DEFENDANTS' FRANCHISE AGREEMENT

15.     The relationships between ILKB and its franchisees are governed by franchise agreements, each of which contain essentially the same terms and provisions and are intended to govern each franchisee's operation of a single iLoveKickboxing.com studio within a specified geographic territory.

16.     Segovia entered a franchise agreement with ILKB on January 31, 2018 for a studio located at 560 Commack Road, Deer Park, New York 11729 (the "Franchise Agreement").

17.     The Franchise Agreement had a ten-year term running from the opening date of Segovia's studio.

18.     To protect ILKB's franchise business, trade secrets, and confidential information, including without limitation information regarding the "operational, sales, promotional, and marketing methods and techniques of the System," Article XI of the franchise agreements

restricted Defendants from certain in-term activities which might harm ILKB and its franchise system. These included restrictions on:

  a. Operating, managing, or owning any competing business during the term of the agreement;

  b. Operating, managing, or owning any competing business within 25 miles of the franchise locations for 18 months after termination of the agreement;

  c. Diverting customers to a competitor;

19. Pursuant to Article VIII, Segovia also agreed to a number of terms designed to ensure uniformity of the ILKB system, including:

  a. Not co-branding her studio with another brand;

  b. Keeping confidential ILKB's Confidential Operations Manual;

  c. Returning the Confidential Operations Manual upon termination of the franchise;

  d. Destroying any electronic copies of the Confidential Operations Manual upon termination of the franchise;

  e. Displaying ILKB's marks only as authorized by ILKB;

  f. Maintaining a telephone number, and transferring that number to ILKB upon termination of the franchise;

  g. Not using ILKB's marks in internet domains or social media.

20. Pursuant to Article IX, Segovia agreed to a number of terms designed to ILKB's trade secrets, marks, and brand, including:

  a. Using ILKB's marks only in an authorized manner;

  b. Using ILKB's marks only during the term of, and within the scope of, the Franchise Agreement,

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES – Page 4

      c.   Using ILKB's trade secrets only to operate a competing business,

21.      Under Article XIII, ILKB had the right to immediately terminate Segovia's Franchise Agreement if she failed to operate the outlet for any period "after which it is not unreasonable under the facts and circumstances for [ILKB] to conclude that [Segovia did] not intend to continue to operate the Franchise . . . ."

22.      In August 2020, ILKB discovered that Segovia had re-branded her studio as an outlet of Fit Theorem, a competitor to ILKB.

23.      On September 1, 2020, Pursuant to Article XII, ILKB terminated Segovia's franchise and sent her written notice to that effect.

24.      Under Article XV of the Franchise Agreement, upon termination, Segovia was required to

      a.   Discontinue the use or display of ILKB Marks;

      b.   Cease operations of ILKB franchise location;

      c.   Contact Yelp, and other online review websites to request removal of ILKB Marks used in connection with your ILKB franchise location;

      d.   Return all proprietary and confidential information as outlined in Section 15.2;

      e.   Discontinue all advertising or marketing suggesting an affiliation with ILKB; and

      f.   Assign all interest and right to telephone numbers and listings to ILKB.

25.      As of today, Segovia continues to display ILKB's marks at the physical studio and online, operate a competing studio under a competing brand at her former franchise location, retain her studio's telephone number, retain possession of ILKB's Confidential Operations Manual, divert customers to Fit Theorem, and pass off results obtained by customers under ILKB's system as results of Fit Theorem's system.

## ILKB'S INTELLECTUAL PROPERTY, TRADE SECRETS, AND CONFIDENTIAL INFORMATION

26.     At considerable effort and expense, ILKB has developed confidential and proprietary information concerning the marketing and sales of its franchises. Among other things, ILKB has conceived and developed various service marks and trade dress, business plans, service delivery strategies, training materials, cost models and budgets, and lead generation systems which are highly proprietary to ILKB. ILKB's trade secrets are at least partly contained within its Confidential Operations Manual.

27.     ILKB expends significant resources, in terms of capital investment and time, to develop customized marketing strategies to bolster the value of the ILKB brand and sell franchises. For this reason, ILKB takes special precautions to maintain the confidentiality of its confidential and proprietary information.

28.     ILKB owns the distinctive and well-known iLoveKickboxing® system, which offers in-person and online fitness classes, which focus on kickboxing to the public under the Marks.

29.     Under the Franchise Agreement, Segovia had complete access to and, upon information and belief, did access, significant quantities of information related to ILKB franchise model, which included marketing materials, methods, and opportunities; potential revenues associated with those opportunities, franchisee owner and contact information; customer and prospect lists; and ILKB's approach to meeting the needs and requirements of its franchisees.

30.     ILKB carefully safeguards its confidential and proprietary business information by, among other things, limiting access to such information to existing franchisees, maintaining computer security devices, and requiring franchisees to agree that they will not disclose

COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES – Page 6

confidential information to anyone outside of ILKB and its franchise system pursuant to Section 9.3 of the franchise agreements.

31.     Segovia, by virtue of the Franchise Agreement, gained access to this information and, pursuant to Section 9.3, promised to keep it confidential and only use it for ILKB business. This information is not generally known, costly to produce, and difficult to obtain.

32.     Defendants participated in regular meetings and trainings between ILKB and franchisees, which included discussions about planning, services, cost information, profit margins, sales training, strategic decisions with respect to ILKB's franchise system, and the future direction and long term growth challenges and opportunities of ILKB. Defendants received confidential and proprietary information only disclosed to ILKB's most-trusted and successful franchisees and not shared with other employees, clients, prospective clients, or third-parties.

33.     Through their interaction with ILKB personnel and executives, Defendants have obtained a great deal of knowledge with respect to the personal fitness marketplace and marketing strategies which are proprietary to ILKB and were developed by ILKB for the sole benefit of itself and its franchisees.

34.     Segovia, benefiting from the goodwill associated with ILKB's service marks and trade dress, and employing ILKB's trade secrets and confidential information, was successful in opening and operating her studio in Deer Park, New York.

35.     Segovia—as a result of her former status as ILKB franchisee and violations of the Franchise Agreement—is in a unique position to improperly take advantage of the goodwill ILKB has developed with significant investments of time and resources.

36.     During the term of her Franchise Agreement, Segovia began a scheme to compete

with ILKB by affiliating with a new brand of fitness studio: Fit Theorem. Fir Theorem offered substantially similar services and sought to take advantage of the customer base that Defendants developed using the ILKB system. Based on information and belief, Defendants continue to use ILKB branded equipment and confidential methods in the operation of their business.

37.    In or around August 2020, Segovia rebranded her studio as Fit Theorem. Upon abandoning her franchise, Segovia was prohibited from using the Marks. Nevertheless, Segovia continues to use ILKB's marks at her physical studio, on her websites, and on social media.

38.    On information and belief, the Fit Theorem system relies on taking experienced ILKB franchisees and converting ILKB's intellectual property, good will, and customers for their own use.

39.    As of this date, Segovia continues to violate all of her post-termination obligations.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

40.    ILKB realleges the allegations contained in paragraphs 1 through 39 of this Complaint as if set forth fully herein.

41.    ILKB and Segovia are parties to a valid and enforceable Franchise Agreement.

42.    ILKB has substantially performed all of its duties associated with the Franchise Agreement.

43.    Segovia has breached the Franchise Agreement as described above.

44.    The in-term and post-term restrictive covenants are reasonable and necessary for the protection of ILKB's legitimate interest in its trade secrets and confidential information and the integrity of its franchise system.

45.      Segovia is causing ILKB ongoing irreparable harm by using her ILKB-associated physical location, telephone number, social media, and trainers to steal ILKB's customers and prospective customers.

46.      Segovia is causing ILKB ongoing irreparable harm by ILKB's trade secrets to operate a competing business.

47.      On information and belief, Segovia has disclosed ILKB's trade secrets to Fit Theorem.

48.      If Segovia is not enjoined from joining a directly competitive business, from violating her Franchise Agreement, and from using or disclosing ILKB's trade secrets and other confidential proprietary information, ILKB will suffer immediate and irreparable harm to its business and goodwill, including but not limited to: loss of business and commercial reputation, goodwill, business and economic opportunities, loss of use of its own property, and loss of use and disclosure to a competitor of this valuable confidential and proprietary information.

49.      In addition, as a proximate and direct result of Segovia's actions, ILKB has and will continue to suffer substantial money damages, including without limitation direct, incidental, consequential, and liquidated damages.

## SECOND CAUSE OF ACTION

(Misappropriation of Trade Secrets under New York Common Law)

50.      ILKB realleges the allegations contained in paragraphs 1-39 of this Complaint as if set forth fully herein.

51.      By virtue of his contractual relationships with ILKB, ILKB gave Segovia access to trade secrets and confidential and proprietary information ("Trade Secret Information")— information that is valuable to ILKB's franchise model and gives ILKB an advantage over

competitors.

52.     Segovia has a common law duty prohibiting her from using Trade Secret

Information procured during her franchise relationship with ILKB for any purpose other than for

the benefit of franchise and, by extension, ILKB as franchisor.

53.     Segovia has misappropriated ILKB's Trade Secret Information for her own

pecuniary gain.

54.     ILKB is entitled to preliminary and permanent injunctive relief.

55.     Unless injunctive relief is granted, Segovia will continue to misappropriate and

benefit from misappropriation of the Trade Secret Information and will continue to cause further

irreparable injury to ILKB.

56.     In addition to giving rise to injunctive relief, the Segovia's misappropriation of

ILKB's Trade Secret Information has caused ILKB to suffer and will continue to cause ILKB to

suffer substantial damages, including without limitation direct, incidental, and consequential

damages, in an amount to be established at trial.

57.     Defendants' misappropriation of ILKB's Trade Secret Information was

intentional, malicious, unlawful, unfair and otherwise improper, thereby making punitive

damages appropriate.

### THIRD CAUSE OF ACTION

(Misappropriation of Trade Secrets under the United States Code)

58.     ILKB repeats and realleges the allegations contained in paragraphs 1 through 39

of this Complaint as if set forth fully herein.

59.     ILKB's business and services operate in interstate commerce, as ILKB

franchisees operate in multiple states and abroad.

60.     The Trade Secret Information obtained by Segovia is a "trade secret" within the meaning of 18 U.S.C. § 1839(3) because, inter alia, it is secret and of value as a result of not being generally known as set forth above, and ILKB takes and has taken measures to prevent the secrets from becoming available to persons other than those selected by ILKB to have access thereto.

61.     Segovia has misappropriated ILKB's Trade Secret Information, upon information and belief, for her own pecuniary gain. Segovia has shared this information with Fit Theorem and its employees, who know that this information has been illegally misappropriated, but nonetheless use it in the operation of their businesses.

62.     As a result of Segovia's misappropriation of ILKB's Trade Secret Information, Segovia has violated the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b)(1).

63.     Pursuant to Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b)(3)(A), ILKB is entitled to preliminary and permanent injunctive relief.

64.     Unless injunctive relief is granted, Segovia will continue to misappropriate and benefit from misappropriation of the Trade Secret Information and will continue to cause further irreparable injury to ILKB.

65.     In addition to giving rise to injunctive relief, Segovia's misappropriation of ILKB's Trade Secret Information has caused ILKB to suffer and will continue to cause ILKB to suffer actual damages in an amount to be established at trial.

66.     By virtue of Segovia's bad-faith and willful and malicious misappropriation of ILKB's Trade Secret Information, ILKB is entitled to an award for its damages, reasonable royalties, exemplary damages in an amount up to two times awarded damages and reasonable attorney's fees, as provided for by the Defend Trade Secrets Act, 18 U.S.C. §§ 1836(b)(3)(B)-

(D).

## FOURTH CAUSE OF ACTION

### (Unfair Competition)

67.     ILKB realleges the allegations contained in paragraphs 1 through 39 of this Complaint as if set forth fully herein.

68.     Segovia has engaged in conduct intended to undermine, destroy and misappropriate the business of ILKB by using ILKB's Trade Secret Information to compete unfairly with ILKB in violation of Segovia's contractual obligations and the common law.

69.     Segovia's conduct constitutes common law unfair competition, and unless she is enjoined, ILKB will suffer irreparable injury for which it is no adequate remedy at law.

70.     In addition, as a proximate and direct result of Segovia's actions, ILKB has and will continue to suffer substantial money damages, including without limitation direct, incidental, and consequential damages.

## FIFTH CAUSE OF ACTION

### (Preliminary and Permanent Injunctive relief)

71.     ILKB re-alleges the allegations contained in paragraphs 1 through 71 of this Complaint as if set forth fully herein.

72.     For all the foregoing reasons, and as monetary damages are inadequate to fully compensate ILKB for the incalculable loss of its competitive edge, goodwill, customer relationships, and future profits resulting from Segovia's wrongful acts, preliminary and permanent injunctive relief barring Segovia, her servants, agents, employees, and all persons acting in concert with her from engaging in activities which are in direct violation of the in-term non-competition and anti-diversion clauses in the Franchise Agreement, ILKB prays for a

preliminary and permanent injunction as set forth in Paragraph A of its prayer for relief.

## PRAYER FOR RELIEF

WHEREFORE, ILKB demands judgment as follows:

A.      As monetary damages are inadequate to fully compensate ILKB for the incalculable loss of its competitive edge, goodwill, customer relationships, and future profits resulting from Segovia's wrongful acts, preliminary and permanent injunctive relief barring Segovia, her servants, agents, employees, and all persons acting in concert with them from engaging in activities which are in direct violation of the in-term non-competition and anti-diversion clauses in the Franchise Agreement including: (i) offering, advertising, marketing or otherwise engaging in competitive services against ILKB for the duration of the Franchise Agreement and pursuant to the post-termination provisions specified under Section 11.2; (ii) using ILKB's trade secrets and confidential and proprietary information in a manner which would result in harm to ILKB and its franchise system; (iii) soliciting, directly or indirectly, any ILKB franchisees or prospects for benefit of the Fit Theorem brand; (iv) inducing or encouraging any ILKB franchisees to breach their respective franchise agreements with ILKB, including without limitation those provisions designed to preserve and maintain the uniformity of the system (Article VIII); (v) using ILKB's Marks; or (vi) using the former contact information for her ILKB studio.

B.      An award of damages in an amount sufficient to compensate it for any ascertainable and calculable damages, losses, and/or loss of revenues and opportunities occasioned by Segovia's wrongful conduct as described herein, including, but not limited to, payment of past and future lost royalties occasioned by Segovia's breach of contract, direct and indirect damages for misappropriation of trade secrets and confidential and proprietary

information, and damages for tortious interference and unfair competition;

C.     An award of pre-judgment interest on all such sums awarded;

D.     An award of punitive and exemplary damages and reasonable royalties as the

Court may deem appropriate; and

E.     An award of costs, disbursements and attorneys' fees incurred in connection with

this action, as well as any other and further relief as the Court may deem just, proper, and

equitable.

Dated:  September 28, 2020.          GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Peter G. Siachos, Esq.*
     Peter G. Siachos, NY Bar #4436168
     psiachos@grsm.com
     1 Battery Park Plaza, 28th Floor
     New York, NY 10004
     Phone: (973) 549-2527
     Fax: (973) 377-1911

     *Attorneys for Plaintiff ILKB*